IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


D. B. HUNT,

     Plaintiff,

v.                                                      CASE NO. 1:07-cv-00183-MP-WCS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

     Defendant.

_____/

## O R D E R

    This matter is before the Court on Doc. 21, Motion for Attorneys' Fees Pursuant to 42

U.S.C. § 406(b)(1), filed by Plaintiff.  On January 15, 2009, Defendant filed a response to the

motion, objecting to the requested fee as excessive and unreasonable.  Doc. 22.  On the same

day, Mr. Hunt filed an affidavit, stating that he is pleased with Mr. Bacharach's representation of

him over nearly five years and that he is unopposed to the Mr. Bacharach's requested fee.  Doc.

23.  Plaintiff then filed a motion, Doc. 24, requesting oral argument, which the Court granted at

Doc. 25.  However, Defendant has now filed a Notice of No Objection, Doc. 26, withdrawing the

previous objection and stating that he is unopposed to the requested fee of 25 percent of past-due

benefits.[1]  Accordingly, the Court cancelled the scheduled hearing on this matter.

    Nevertheless, the Court must make an independent determination of the reasonableness

_____

    [1]Defendant cites a requested fee of $17,635.10, which appears to be copied from the last
paragraph of Plaintiff's memorandum of law.  See Doc. 21 at 9.  However, the $17,635.10 figure
is in error.  The correct amount of the requested fee award is $17,335.51, as calculated by
Plaintiff in his motion and cited in Mr. Hunt's affidavit.  The $17,635.10 error appears to be the
result of mixing up the requested fee award with the amount of past-due benefits being withheld
to pay Plaintiff's attorneys' fees, or $22,635.10.  See Doc. 21 at 1.

of any fee awarded pursuant to § 406(b).  Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 122 S.

Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not exceeding 25 percent

of past-due benefits and should consider the character of the representation and the results the

representation achieved in determining the reasonableness of a contingency fee agreement). The

Court finds upon consideration of the factors cited with approval in Gisbrecht that the requested

fee award is reasonable.  The representation of Plaintiff in this case was not substandard, and Mr.

Bacharach, attorney for Plaintiff, does not appear to have been responsible for any delays in this

matter.  Moreover, Mr. Bacharach represented Plaintiff on a contingency fee basis for 55 months

(four years and seven months), obtaining past-due benefits in the amount of $90,540.40.  Given

the length of the representation, the contingency of Mr. Bacharach's fee, and the results of his

representation, the Court does not believe that the requested fee amounts to a windfall, as

Defendant initially suggested.

     In order to prevent double recovery of attorneys' fees, an attorney who is awarded fees

under both § 406(b) and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412,  must refund

to his or her client the lesser award.  Id., 535 U.S. at 796, 122 S. Ct. at 1822.   By Order and

Judgment entered September 3, 2008, Doc. 20, Plaintiff was awarded under the EAJA fees in the

amount of $3,295.86, which is less than the amount requested in the instant motion.  Mr.

Bacharach has therefore asked the Court to refund to Plaintiff the amount of the EAJA award.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.      The motion for attorneys' fees, Doc. 21, is GRANTED.  Pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney, Mr. Bacharach, is awarded fees in the amount of $17,335.51.  Defendant is ordered to pay the fee from Plaintiff's past-due benefits being held by Defendant.

2.      Mr. Bacharach is ordered to pay to Plaintiff $3,295.86, which is equal to the amount of the EAJA fee previously awarded in this case.

**DONE AND ORDERED** this __5th_ day of February, 2009

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge